■ In the Matter of JAMES J. MURPHY, Petitioner, v. PATRICK V. MURPHY, as Police Commissioner of the City of New York, Respondent. — Determination of respondent Police Commissioner, dated November 7, 1972, finding petitioner guilty of a violation of the rules and procedures of the New York City Police Department, and finding petitioner 90 days' pay, and relieving him of

duty for that period of time, modified, on the law, so as to provide for a fine of 30 days with relief of duty in the place and stead of the fine imposed, and otherwise confirmed, without costs and without disbursements. Section 434a–14.0 of the Administrative Code of the City of New York controls and by its terms a forfeiture or deduction of pay, as a punishment, is limited to "no more than thirty days' salary." As we read this section, our interpretation accords with *Brenner* v. *City of New York* (9 N Y 2d 447, 451). Concur — McGivern, P. J., Kupferman and Lane, JJ.; Lupiano, J., dissents in the following memorandum: I dissent. Initially, it is noted that petitioner's contention as to pay for the 90-day period for which he is relieved of duty is not governed by section 434a–20.0 of the Administrative Code of the City of New York (cf. *Matter of Scornavacca* v. *Leary,* 46 A D 2d 114). The critical provision is section 434a–14.0 of the Administrative Code entitled "Discipline of members", which provides in pertinent part: "a. The commissioner shall have power, in his discretion, on conviction by him * * * of a member of the force of any * * * violation of rules * * * to punish the offending party by reprimand, forfeiting and withholding pay for a specified time, *suspension, without pay during such suspension,* or by dismissal from the force; but no more than thirty days' salary shall be forfeited or deducted for any offense" (emphasis supplied). In *Brenner* v. *City of New York* (9 N Y 2d 447, 451), the Court of Appeals aptly observed that, with respect to discipline as delineated in section 434a–14.0, "the Commissioner is given the power, among others, (1) to forfeit or withhold pay as a punishment for a specified time or (2) to suspend without pay. As to (1), the forfeiture or deduction of pay, punishment is limited to '.no more than thirty days' salary' while, as to (2), suspension, there is no such limitation * * * Forfeiture or withholding of pay implies that the member is not suspended and that he continues to perform his services on the force." Patently, being relieved from duty for a 90-day period and fined 90 days' pay is not the equivalent of mere forfeiture or deduction of pay, but is essentially the equivalent of suspension as a *disciplinary* measure *after* conviction. Note that in *Brenner* (*supra,* p. 451) in discussing section 434a–20.0, it was indicated that "suspension upon charges * * * implies that the official is relieved of duty during the interval." This, in my view, indicates recognition that relief from duty amounts to suspension without pay as a disciplinary measure following conviction. Accordingly, I would confirm the determination of respondent Police Commissioner dated November 7, 1972.